# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

DANYL RODGERS,

                              Plaintiff,

         - v -                                      Civ. No. 9:14-CV-406
                                                         (LEK/DJS)

JIMINEZ, *SHU Officer in 2011 at FCI Ray Brook*;
PELKEY*, SHU Officer in 2011 at FCI Ray Brook*,

                              Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

DANYL RODGERS
Plaintiff, *Pro Se*
900 County Street
Apt. 220
Portsmouth, VA 23701

HON. RICHARD S. HARTUNIAN          CHARLES E. ROBERTS
United States Attorney             Asst. United States Attorney
Northern District of New York
Attorney for Defendant Pelkey[1]
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Danyl Rodgers brings this civil rights action, pursuant to *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

that the Defendants violated his Eighth Amendment rights while he was incarcerated at the

---

[1] Service on Defendant Jiminez has not been completed.

Federal Correctional Institution at Ray Brook ("FCI Ray Brook"). Currently pending before the Court is Defendant Pelkey's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 29. Plaintiff has not responded to that Motion. For the reasons that follow, it is recommended that the Motion be **denied**.

## I. PROCEDURAL BACKGROUND

Plaintiff initiated this action in April 2014 while he was incarcerated at the Federal Correctional Institution at Fairton. Dkt. No. 1, Compl. Accompanying that filing was a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") and an Inmate Authorization Form. Dkt. Nos. 2 & 3. On July 8, 2014, the Honorable Lawrence E. Kahn, Senior United States District Judge, reviewed the Plaintiff's filings and issued a Decision and Order. Dkt. No. 4. At the outset of that Decision, Judge Kahn determined that Plaintiff met the requirements for proceeding IFP and granted his application; thus, in accordance with 28 U.S.C. §§ 1915(e) and 1915A, Judge Kahn performed a *sua sponte* initial review of Plaintiff's pleading.

Initially, Judge Kahn noted that although Plaintiff utilized a *pro forma* civil rights complaint reserved for actions brought pursuant to 42 U.S.C. § 1983, because the named Defendants are federal employees, this action was properly construed as brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Thereafter, Judge Kahn dismissed several claims and Defendants, finding that Plaintiff failed to state a claim upon which relief could be granted; but he allowed Plaintiff's Eighth Amendment excessive force claims to go forward against Defendants Hemendez and John Doe. *See generally* Compl.

On August 6, 2014, the Court received Plaintiff's Motion to Amend/Correct the Complaint. Dkt. No. 14. By Decision and Order, issued by the Honorable Randolph F. Treece, then-United States Magistrate Judge, Plaintiff was granted permission to amend his Complaint to the extent he sought to substitute Officer Jimenez in place of Officer Hemendez and to name Officer Pelkey as the John Doe. Dkt. No. 17. However, his Motion was denied insofar as Plaintiff sought to reinstate any claims previously dismissed by Judge Kahn. *Id.*; *see also* Dkt. No. 18, Am. Compl. New Summonses were duly issued and service was directed on the newly named Defendants. Dkt. Nos. 17 & 19.

On April 13, 2015, the Court received a Notice from the Department of Justice informing that Officer Jiminez was no longer employed at FCI Raybrook, and the Summons for Defendant Jiminez was returned unexecuted. Dkt. Nos. 23 & 26. The United States Attorney for the Northern District of New York appeared on behalf of Defendant Pelkey and subsequently filed a Motion to Dismiss on his behalf. Dkt. No. 29. Despite being notified of his deadline to respond to that Motion, to date, the Court has not received any response. Dkt. No. 30. In fact, the last time the Court received any correspondence from Plaintiff was on March 16, 2015, when he notified the Court of his change in address. Dkt. No. 20.

## II. STANDARD OF REVIEW

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The

issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d at 47). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). "It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document." *Id.*

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true

-4-

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

With this standard in tow, I consider the plausibility of Plaintiff's Complaint.

### III.  DISCUSSION

### A.  Plantiff's Amended Complaint

In accordance with the applicable standard of review, the following facts, adduced from the Amended Complaint, are taken as true.[2]

On or around June 2011, while housed in the Segregated Housing Unit ("SHU") at FCI Raybrook, Officer Jiminez denied Plaintiff the opportunity to attend "rec." Am. Compl. at p. 4.  On the second date of occurrence, Plaintiff asked to speak to a Lieutenant, but was denied.  Later that day, Plaintiff did not eat his lunch.  When Officer Jiminez came to retrieve the food try, Plaintiff stuck his hand out of the food slot "in an effort to get the Lieutenant to come." *Id*. at p. 5.  At that point, Officer Jiminez "violently slammed" the food slot door on Plaintiff's arm and wrist.  Plaintiff heard a popping sound and attempted to pull his arm back through the slot, but Defendant Jiminez slammed the door again. *Id*.  Officer Pelkey then grabbed Plaintiff's arm and pulled it "violently." *Id*.  Officer Jiminez put handcuffs on Plaintiff's left wrist and squeezed them tight cutting off Plaintiff's circulation.  Plaintiff felt excruciating pain.  Officer Jiminez then grabbed the other side of the handcuffs and pulled while placing his foot against the side of the food slot as leverage.  Plaintiff experienced

---

[2] The Court will only cite those facts relevant to surviving claims against the remaining Defendants:  Jiminez and Pelkey.

immense pain; ultimately Jiminez let go of the handcuffs and Plaintiff pulled his arm back into his cell. *Id.*

## B. Rules Governing Pleading Requirements

At the outset, the Court addresses Defendant Pelkey's contention that Plaintiff's Amended Complaint fails to comport with the Federal Rules of Civil Procedure and should be dismissed on that basis. Dkt. No. 29-10, Def.'s Mem. of Law, at p. 5. And because Plaintiff has already had an opportunity to amend his pleading, Defendant urges that this dismissal be without leave to replead. *Id.*

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

The Court agrees that Plaintiff's pleading is deficient in that his factual recitation is comprised of a singular paragraph in narrative form. While there have been similar circumstances by which such deficiency would result in a direction that the party amend his pleading in an effort to cure the inadequacies, the Court finds such to be unnecessary in light of the fact that there are only two Defendants at issue in this litigation and the facts surrounding the claims stated against them are not complicated. The Court does not find that answering this terse pleading would pose an enormous burden on the Defendants and would only result in an unnecessary delay of this litigation. Thus, I recommend **denying** Defendant's Motion insofar as he seeks dismissal.

## C. Eighth Amendment Claims

In reviewing Plaintiff's constitutional claims, Judge Kahn assessed that Plaintiff had raised Eighth Amendment claims for Defendants alleged excessive use of force and allowed such claims to go forward. After stating the law relative to such a constitutional claim, Judge Kahn stated:

> Mindful of the requirement to liberally construe *pro se* pleadings, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the Complaint alleges sufficient facts in support of this claim to warrant a responsive pleading from [Defendants Jiminez and Pelkey]. In so ruling, the Court expresses no opinion as to whether Plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

Dkt. No. 4 at p. 7.

Although Judge Kahn's Decision did not foreclose Defendant's ability to challenge the Plaintiff's claims by way of a motion to dismiss, this Court nevertheless finds that under the present record, Plaintiff's claim would survive my limited review.

As Judge Kahn noted, to validly assert a violation of the Eighth Amendment through the use of excessive force, an inmate must prove two components: (1) objectively, that the defendant's actions violated "contemporary standards of decency," and (2) subjectively, that the defendant acted wantonly and in bad faith. *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotation marks and citations omitted).

In assessing the objective component, the court should consider the seriousness of the injury, however, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury;" thus, "the seriousness of the injury is relevant to the Eight Amendment inquiry, but does not end it." *Davidson v. Flynn*, 32 F.3d 27, 29-30 n.1 (2d Cir. 1994) (alterations in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)).

With regard to the subjective component, a court should consider whether the defendant had a wanton state of mind when engaging in the alleged misconduct. To determine whether a defendant acted wantonly or maliciously, several factors should be examined, including

> the extent of the injury and the mental state of the defendant, as well as the
> need for the application of force; the correlation between that need and the
> amount of force used; the threat reasonably perceived by the defendants; and
> any efforts made by defendants to temper the severity of a forceful response.

*Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (internal quotation marks and citations omitted); *see also Hudson v. McMillian*, 503 U.S. at 7.

When prison officials are accused of using excessive force, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 6-7 (citing *Whitley v. Albers*, 475 U.S. at 312, 320-21 (1986)). Where "no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may . . . be sufficient evidence of a culpable state of mind." *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997).

In reviewing Plaintiff's Eighth Amendment claims, the Court must take his factual allegations as true and determine whether he has plausibly stated a claim for relief. *See supra* Part II. I agree that the facts stated against Defendant Pelkey are rather sparten. But Plaintiff describes a scenario whereby Defendant Jimenez "violently" slammed the food slot on his arm while holding his arm in place outside the slot and that Defendant Pelkey not only joined in but failed to intervene to protect Plaintiff from Defendant Jimenez. Defendant Pelkey asks this Court to infer a good faith basis for his actions, but such an analysis is improper at this stage. The proper inquiry for the Court is whether the conduct alleged is "sufficiently serious" to reach constitutional dimensions. This inquiry is "context specific, turning upon contemporary standards of decency." *Blyden v. Mancuso*, 186 F.3d at 263 (internal quotation marks omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (quoted in *Hudson v. McMillian*, 503 U.S. at 10). However, the malicious use of force to cause harm constitutes an Eighth Amendment violation *per se* because in such instances "contemporary standards of decency always are violated" regardless of whether a "significant injury" is apparent. *Blyden v. Mancusi*, 186

F.3d at 263 (citing *Hudson v. McMillian*, 503 U.S. at 9). For example, "when a prison guard applies force against a prisoner that poses no reasonable threat simply because the guard loses his or her temper and wishes to wantonly inflict pain on the prisoner, a per se violation of the Eighth Amendment occurs." *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 216 (N.D.N.Y. 2001) (citation omitted).

Here, for purposes of this Motion, the Court only knows the facts as Plaintiff has recited them. From those facts, and under the circumstances described, I cannot adduce any kind of security risk posed by Plaintiff sticking his arm through a food slot in order to get the attention of a Lieutenant so that he may report a subordinate officer, namely Officer Jiminez.[3] Upon a fuller record, which may include an affidavit from Defendant stating his subjective state of mind, the Court may be in a better position to rule on the viability of Plaintiff's claims. Thus, based upon the current record and in light of the Plaintiff's *pro se* status, the Court recommends **denying** Defendant's Motion to Dismiss.

### D. Service on Defendant Jiminez

Lastly, the Court must address a housekeeping issue regarding service on Defendant Jiminez.

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period. Specifically, the plaintiff must effectuate service of process within 90 days of the filing of

---

[3] The Court notes that in seeking dismissal, Defendant cites a host of cases that were decided on fuller records. The Court also declines the invitation to take any judicial notice of the security risks posed in special housing units and the manner in which inmates utilize the open food slot. *See* Dkt. No. 29-2 at n. 2 & 3.

the complaint. FED. R. CIV. P. 4(m).[4]  Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative after notice to the plaintiff, to dismiss the case without prejudice as to that defendant.  *Id.*

Where, as here, a plaintiff has been authorized by the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the United States Marshals Service is appointed to effect service of process of the summons and complaint on his behalf.  *See* FED. R. CIV. P. 4(c)(2) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed *in forma pauperis*); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").  Thus, once a plaintiff has identified the defendants, the Marshals Service must undertake to locate them and accomplish the service.  The Marshals Service is obligated to effect service of process in accordance with the Federal Rules of Civil Procedure and, if necessary, the Marshals Service must make multiple attempts at service.  *See Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994) (where defendant refused to acknowledge Marshals Service's request for waiver under Rule 4(d), the Marshals Service must effect personal service under Rule 4(e)); *accord Hurlburt v. Zaunbrecher*, 169 F.R.D. 258, 259 (N.D.N.Y. 1996); *see also* N.D.N.Y.L.R. 5.1(h) (Marshals Service is obligated to make personal service at plaintiff's request if no acknowledgment is filed with the court).

---

[4] Pursuant to recent amendments of the Federal Rules of Civil Procedure, effective December 1, 2015, the time-frame within which to serve a defendant is no longer 120 days from the filing of the complaint.  Furthermore, under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days. N.D.N.Y.L.R. 4.1(b).

Here, Plaintiff provided the Marshals with information regarding the whereabouts of Defendant Jiminez. Presumably unbeknownst to Plaintiff, who has since been released from the custody of the United States Bureau of Prisons, Officer Jiminez is no longer employed at FCI Ray Brook. Dkt. No. 23. Such Notice did not include forwarding information regarding Defendant Jiminez's whereabouts. It is not clear if Defendant Jiminez is still employed by the Bureau of Prisons. "[A]n incarcerated *pro se* litigant proceeding *in forma pauperis* [is] entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (citing FED. R. CIV. P. 4(c)(2)(B)(i)). It is the Court's view that good cause under Rule 4(m) is established here where no inquiries had been made on Plaintiff's behalf regarding the current whereabouts of Defendant Jiminez. *Id.*

Thus, the Court requests Counsel for Defendant Pelkey to inquire 1) whether Officer Jiminez is still employed by the Bureau of Prisons, and if so, to obtain a current work address where service can be accomplished; and 2) whether Officer Jiminez has left the employ of the Bureau of Prisons, and if so, whether he has authorized the Department of Justice of United States Attorney to accept service on his behalf, or if a current address can be obtained. Defendant's Counsel shall provide the Court with a status report on or before February 22, 2016, regarding his efforts to ascertain this information. Should Counsel obtain a current non-work address by which to serve Defendant Jiminez, such address may be forwarded to the Court *in camera* so that it is not accidentally shared with Plaintiff.[5]

---

[5] Plaintiff should note that although the Court finds that good cause exists, he must nevertheless maintain active participation in and prosecution of this action. Thus, while it is the Marshal's obligation to effect service on Plaintiff's
(continued...)

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 29) be **denied**; and it is further

**ORDERED** ,that if the above recommendation is accepted, Defendant Pelkey should be directed to respond to the Amended Complaint in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that Counsel for Defendant Pelkey inquire 1) whether Officer Jiminez is still employed by the Bureau of Prisons, and if so, obtain a current work address where service can be accomplished; and 2) whether Officer Jiminez has left the employ of the Bureau of Prisons, and if so, whether he has authorized the Department of Justice of United States Attorney to accept service on his behalf, or if a forwarding address is available. Defendant's Counsel shall provide the Court with a status report on or before February 29, 2016; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[5](...continued)
behalf, it is equally Plaintiff's obligation to ensure that this matter is fully prosecuted.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   January 28, 2016
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge